**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN - LMM (Individual Adjustment of Debts)**
**MORTGAGE MITIGATION MEDIATION**

CASE NO.: **16-10287-RAM**

_____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Carolina A Ayala                                            CO-DEBTOR: _____
Last Four Digits of SS# xxx-xx-2617                        Last Four Digits of SS# _____

☐ This document is a plan summary. Additional data on file in clerk's office attached to original plan.

**MONTHLY PLAN PAYMENT:** Including trustee's fee not to exceed 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of  60  months: In the event the Trustee does not collect the full 10%, any portion not collected will be paid to creditors' pro-rata under the plan:

    A.    $ 100.00      for months  1   to  60 ;

    B.    $_____for months _____ to _____ ;

    C.    $_____for months _____ to _____ in order to pay the following creditors:

Administrative:    Attorney's Fee  $ 3650.00 BK Fee + 2000.00 MMM fees and Cost = 5650.00
                        TOTAL PAID     $ 1000.00
                        Balance Due      $ 4650.00      payable $ 90  month (Months  1  to  51 )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. § 1325 (a)(5)] Mortgages(s)/Liens on Real or Personal Property:

1._____          Loss Mitigation Mediation (TPP)
_____          Payment $\_\_\_\_/month (Months \_\_\_ to \_\_)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING
YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM MOTION TO
VALUE COLLATERAL IN PLAN) WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Value of Collateral | Rate of Interest | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. Internal Revenue Service  Total Due $ 0.00
PO Box 7317  Payable $ __0.00__ /month (Months ____ to ____)
Philadelphia, PA 19101-7317
Account No.: XXX-XX-2617

2. Florida Department of Revenue  Total Due $ 0.00
PO Box 3000  Payable $ 0.00 / month (Month ____ to ____)
Tallahassee, FL 32315-3000
Account No.: XXX-XX-2617

<u>Unsecured Creditors</u>: Pay $ __90.00__ month (Months __52__ to __60__).

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.
I declare that the foregoing chapter 13 is true and correct under penalty of perjury.
The debtor will provide copies of his income tax returns to the Chapter 13 trustee on or before May 15 during the pendency of the plan. The debtor hereby acknowledges that the deadline for providing the Trustee with her filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor shall provided the trustee of her disposable income if her gross household income increases by more than 3% over the previous year's income.

Other Provisions Not Included Above:

"The debtor has filed a Verified Motion for Referral to MMM with <u>Caliber Home Loans</u> ("Lender"), loan number <u>9802562620,</u> for real property located at <u>720 SE 4 Place Hialeah, FL 33010.</u> The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof

of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim."


**/s/ Carolina A Ayala**
**Debtor – Carolina A Ayala**
 **01/08/2016**
**Date**